```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

CHADWICK J. ST. LOUIS,         :
                               :
     Plaintiff,                :
                               :
     v.                        :     CASE NO. 3:10CV525(RNC)
                               :
THERESA C. LANTZ ET AL.,       :
                               :
     Defendants.               :
```

RECOMMENDED RULING ON PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT
         AGREEMENT AND/OR MOTION FOR FURTHER RELIEF

In 2010, the plaintiff, Chadwick St. Louis, then a self-represented prisoner, commenced this civil rights action against numerous Connecticut Department of Correction ("DOC") employees alleging violation of his due process rights in connection with a disciplinary hearing and his designation as a High Security inmate. In September 2014, the parties reached an out-of-court settlement agreement. The plaintiff then filed a stipulation of dismissal requesting that the case be dismissed with prejudice. (Doc. #110.) The court (Chatigny, J.) "so ordered" the stipulation and closed the case. (Doc. #111.) Pending before the court is the plaintiff's motion to enforce the settlement agreement.[1] (Doc.

---

[1] U.S. District Judge Robert N. Chatigny referred the motion to the undersigned. (Doc. #189.)

#154.)  For the reasons that follow, the undersigned recommends that the motion be denied.[2]

I.  Background

The relevant facts are undisputed.  The parties reached a settlement agreement to resolve the plaintiff's lawsuit.  Pursuant to the settlement agreement, the plaintiff dismissed his case with prejudice and provided a general release in exchange for: (1) $1800 and an agreement that the State of Connecticut would not seek to recover plaintiff's cost of incarceration from those funds; (2) an agreement that the plaintiff would be placed on Special Monitoring Status; and (3) an agreement that the plaintiff "would be permitted to choose a cellmate of your liking through the end of sentence" unless "your behavior subject[s] you to restrictive housing, then this condition does not apply until released to general population."  (Doc. ##132-1, 165.)  Since the case was closed, the plaintiff alleges, the defendants have repeatedly breached the agreement by placing the plaintiff with cellmates whom he did not choose.  The defendants do not disagree.  They readily concede

---

[2]After the plaintiff filed this motion on his own, the court appointed pro bono counsel. (Doc. #172.)  Plaintiff's counsel subsequently filed a "Supplemental Motion" (doc. #186) pursuant to Fed. R. Civ. P. 60(b) seeking to reopen the underlying lawsuit because of circumstances surrounding the drafting of the settlement agreement and the defendants' breach of the agreement. (Doc. #187 at 11.)  That motion, which seeks different relief from the instant motion and asserts arguments distinct from those asserted in the instant motion, shall be addressed in a separate ruling.

that the parties reached an enforceable agreement and they concur on the terms -- most notably, the provision that the plaintiff would be permitted to choose his cellmate through the end of his sentence. (Doc. #176, Tr. at 12-13.) More to the point, the defendants admit that they have breached the agreement by housing the plaintiff with cellmates whom he did not select or approve. (Doc. #176, Tr. at 13.)

II. Discussion

In his motion, the plaintiff requests that the court enforce the settlement agreement. In particular, the plaintiff asks the court to order the defendants to "comply with the terms of the settlement – cell partner of my liking through end of my sentence." (Doc. #154.)

Notwithstanding the lack of any dispute that defendants repeatedly breached their settlement obligations,[3] the court is unable to afford the plaintiff his requested relief. The plaintiff's motion for an order enforcing the settlement agreement is squarely foreclosed by the United States Supreme Court's decision in Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). "'Federal courts are courts of limited jurisdiction' that

---

[3]The record suggests that information about the terms of the settlement agreement were not shared consistently with the various facilities in which the plaintiff was housed, with the result that the plaintiff encountered resistance from various DOC officials regarding compliance with the cellmate provision. (Doc. #176, Tr. at 24-26; see also doc. ##124, 132, 138.)

3

'possess only that power authorized by the Constitution and statute.'" Hendrickson v. United States, 791 F.3d 354, 358 (2d Cir. 2015) (quoting Kokkonen, 511 U.S. at 377.)  "In keeping with this principle, a district court does not automatically retain jurisdiction to hear a motion to enforce a settlement agreement simply by virtue of having disposed of the original case." Hendrickson, 791 F.3d at 358 (internal quotation marks and citation omitted).  In Kokkonen, the Supreme Court held that "[e]nforcement of [a] settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction."  511 U.S. at 378.  "Indeed, the whole premise of Kokkonen is that a district court's power to issue new orders regarding a settlement agreement is terminated by the dismissal of the underlying case, unless special measures are taken." Hendrickson, 791 F.3d at 360.  Under the rule established by the Supreme Court in Kokonnen, "[i]n order for a district court to exercise jurisdiction to enter an enforceable judgment in such circumstances, the court must: (1) have expressly retained jurisdiction over the settlement agreement in its order of dismissal; (2) have incorporated the terms of the settlement agreement in the order of dismissal; or (3) have an independent basis for asserting jurisdiction over the enforcement of the settlement agreement." Melchor v. Eisen & Son Inc., No. 15CV00113 (DF), 2016 WL 3443649, at *7 (S.D.N.Y. June 10, 2016).  See also

4

Scelsa v. City Univ. of N.Y., 76 F.3d 37, 40 (2d Cir. 1996) ("In the absence of . . . an independent basis for jurisdiction, a federal court has jurisdiction to enforce a settlement agreement only if the dismissal order specifically reserves such authority or the order incorporates the terms of the settlement."). Further, the Second Circuit has held that "once a case has been dismissed with prejudice, a district court's post-dismissal actions cannot confer upon the court ancillary jurisdiction to enforce a settlement agreement." Hendrickson, 791 F.3d at 361. "After-the-fact statements and actions of the parties, and even of the district court, cannot create ancillary jurisdiction where such jurisdiction was not retained upon dismissal." StreetEasy, Inc. v. Chertok, 752 F.3d 298, 306 (2d Cir. 2014). See Williams v. United States, 947 F.2d 37, 39 (2d Cir. 1991) ("[S]ubject matter jurisdiction may not be created by estoppel or consent of the parties."). "If a district court does not retain jurisdiction to enforce a settlement agreement, any action to enforce a provision of the agreement must be brought in a state court as a breach of contract action." Dixon v. Faucher, No. 3:17CV1716(VAB), 2018 WL 3862698, at *3 (D. Conn. Aug. 14, 2018). See Kokkonen, 511 U.S. at 382 ("[E]nforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction").

In this case, the court did not expressly retain jurisdiction over enforcement of the parties' settlement agreement. Nor does the stipulation of dismissal, which was endorsed as "so-ordered" by the court, make any mention of the settlement agreement, much less incorporate any of the settlement agreement's terms. See doc. ##110, 111. The court has no independent basis for jurisdiction. Pursuant to Kokkonen, the court therefore cannot exercise jurisdiction over the enforcement of the settlement agreement. As a result, the court must deny the plaintiff's motion.

III. Conclusion

For these reasons, the plaintiff's motion (doc. #154) should be denied.

This is a recommended ruling. Any party may seek the district court's review of this recommendation. See 28 U.S.C. § 636(b) (written objections to recommended rulings must be filed within fourteen days after service of same); Fed. R. Civ. P. 72; Thomas v. Arn, 474 U.S. 140, 155 (1985); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992). Failure to timely object to a magistrate judge's report will preclude appellate review. Small v. Sec'y of Health and Human Serv., 892 F.2d 15, 16 (2d Cir. 1989).

Dated this 15th day of March, 2019 at Hartford, Connecticut.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge